UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY F. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:07CV250 HEA/FRB |
| | ) |
| DON ROPER, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Anthony Brown's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

**Background**

On May 10, 2002, Brown was charged by indictment with one count of first-degree murder, a class A felony, and one count of armed criminal action, an unclassified felony. Resp. Exh. 2 at 11-12. The case went to trial and resulted in a hung jury, with eleven of twelve jurors finding Brown guilty of the charges. Id. at 4, 49. The case was reset for trial and a second jury was empaneled. Resp. Exh. 1 at 14;

Resp. Exh. 2 at 15-29. After the second jury was empaneled and Brown and his counsel saw what the jury looked like, Brown decided to plead guilty rather than risk an unfavorable jury verdict. Resp. Exh. 1 at 6, 14; Resp. Exh. 2 at 15-29, 105. In exchange for Brown's guilty plea, the prosecutor filed an amended information reducing the charges against Brown to second-degree murder and armed criminal action. Resp. Exh. 2 at 16-17, 21, 102. The plea was not pursuant to any agreement on the range of potential punishment. Resp. Exh. 1 at 6; Resp. Exh. 2 at 17. Brown pled guilty to both counts. Resp. Exh. 2 at 15-29.

During the plea colloquy, Brown testified that he understood that he was giving up his right to a jury trial. Id. at 18-21, 102. Brown further testified that he understood the charges against him and that he understood the possible sentences he was facing. Id. at 22-24, 102. Brown further testified that his plea was voluntary and that his lawyer had not coerced him into making the plea. Id. at 24-25. Finally, Brown testified that on September 16, 1999, he knowingly caused the death of Alfreddie Randell by shooting him with an AK-47 assault rifle without justification. Id. at 22-23, 27.

On January 26, 2004, Brown was sentenced to two concurrent, twenty-five year periods of imprisonment. Id. at 60-62. Brown timely filed a motion for post-conviction relief pursuant to Rule 24.035. Id. at 39-42. After holding an evidentiary hearing, the post-conviction court denied Brown's Rule 24.035 motion. The Missouri Court of

Appeals affirmed. 209 S.W.3d 52, 53 (Mo. Ct. App. 2006). Brown is currently confined at Potosi Correctional Center.

## Grounds for Relief

In the petition, Brown raises two grounds for relief:

1. That trial counsel was ineffective for refusing to call Angela Randell at trial and for failing to investigate or interview Ms. Randell before advising Brown to plead guilty.

2. That Brown's guilty plea was involuntary because Brown moved to withdraw his plea at sentencing and the motion was denied.

## Discussion

Title 28 U.S.C. § 2254(d) places limits on the circumstances under which federal habeas relief may be granted:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## 1. *Ineffective Assistance of Counsel*

Brown argues that his attorney, Terence Niehoff, was ineffective for refusing to call Angela Randell as a witness at trial and for failing to investigate or interview Ms. Randell before advising him to plead guilty. Brown alleges that he shot Alfreddie Ranndell in self defense and, but for counsel's refusal to call Ms. Randell as witness, he would have insisted on going to trial.

Brown first complained about Mr. Niehoff's failure to call Ms. Randell as a witness at his sentencing hearing. Resp. Exh. 2 at 39-40. At the hearing, Brown testified that Ms. Randell was an eye witness to the shooting and that she would have testified at trial that he was defending himself. Ms. Randell was present at the hearing, and the court asked her what she saw on the day of the shooting. Ms. Randell stated, "Well, I saw Anthony walk up to the crowd, and then I saw someone pull out a gun and started shooting. Anthony ducked, and then he started shooting, and then they got running and everything went crazy." Id. at 42.

The court then asked Mr. Niehoff if he was aware of Ms. Randell and what she was prepared to testify to at trial. Mr. Niehoff explained that he was aware of Ms. Randell and that he believed that her testimony would be perjury if she testified that she saw the shooting and that Brown was defending himself because she gave a statement to the police immediately after the shooting in which she stated that she did not witness

the shooting or know the identity of the gunman. Id. at 47-49. Additionally, Mr. Niehoff said that Ms. Randell would have not been a credible witness because she was Brown's girlfriend, because Brown was driving Ms. Randell's car when the shooting happened, because Brown was found hiding in the drop ceiling of Ms. Randell's house when he was discovered by the police one year later, and because of her statement to the police. Id. Mr. Niehoff stated that he believed that if he called Ms. Randell to testify, the jury would have been more likely to find Brown guilty of the charges. Additionally, Mr. Niehoff did call as a witness the only other person whom Brown alleged saw the shooting, Christopher Jiles. Id. at 47, 49. The court then stated, "it's obvious that ineffective assistance has not occurred, because a highly experienced defense counsel weighed it and made a reasonable strategic decision not to do it." Id. at 49-50.

Brown presented his claim of ineffective assistance to the post-conviction court. After an evidentiary hearing, the court found the claim to be without merit because Brown failed to demonstrate that Mr. Niehoff's decision not to call Ms. Randell as a witness fell below an objective standard of reasonableness. Id. at 109.

"To prevail on a claim of ineffective assistance of counsel where there has been a guilty plea, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland v. Washington, 466 U.S. 668, 690 (1984).

The state courts' rulings are not contrary to federal law.  Mr. Niehoff's decision not to call Ms. Randell as a witness was objectively reasonable trial strategy.  Had Mr. Niehoff called her as witness, a reasonable jury may have concluded that she was lying about having witnessed the shooting to save her boyfriend from going to prison.  And Mr. Niehoff's conclusion that Ms. Randell could have damaged the entire case is reasonable.  Consequently, Brown's request for relief on this ground should be denied.

## 2. *Voluntariness of Brown's Guilty Plea*

Brown argues that his plea was not voluntary because he wanted to withdraw it at his sentencing hearing but the court did not allow him to do so.

Brown pled guilty on July 22, 2003. Resp. Exh. 2 at 15.  Brown did not move the sentencing court to withdraw his guilty plea until January 26, 2004, six months after the plea.  Id. at 30, 39-40.  The sentencing court denied Brown's motion to withdraw

the plea because it found no probable cause to infer that Brown's plea counsel was ineffective. Id. at 50-53.

Brown did not appeal the denial of his oral motion to withdraw the guilty plea. The post-conviction court denied Brown's request for relief on this ground because, under Missouri law, when no appeal is taken from a motion to withdraw a guilty plea, a defendant is precluded from raising the issue in a post-conviction motion. E.g., Belcher v. State, 801 S.W.2d 372, 374 (Mo. App. 1990). Additionally, the post-conviction court found that there was no basis to conclude that Brown's plea was not voluntarily and intelligently made and that there was no manifest injustice. Resp. Exh. 2 at 110.

Brown's claim that his guilty plea was involuntary fails for at least three reasons. First, the claim is procedurally barred because he failed to appeal the issue. Second, the issue is premised exclusively on state law grounds and is not cognizable in a federal habeas action. Third, the claim fails on the merits.

Respondent contends that Brown is procedurally barred from bringing the claim that his guilty plea was involuntary because he did not raise the issue in his Rule 24.035 motion. This is incorrect. Brown filed a pro se motion for post-conviction relief in which he failed to raise the issue, Resp. Exh. 2 at 66-70, but the court subsequently appointed counsel who filed an amended petition that did raise the issue. Id. at 81.

However, Brown did not file a direct appeal of the sentencing court's denial of his motion to withdraw, and he did not raise the issue when he appealed the denial of his Rule 24.035 motion. Resp. Exh. 2 at 110; Resp. Exh. 3 at 8. As a result, this claim is procedurally barred. Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005).

"What may constitute a fair and just reason to withdraw a plea is an issue of state law and is not justiciable in a federal habeas claim." Holtan v. Black, 838 F.2d 984, 986 n.4 (8th Cir. 1988). Consequently, this claim is not cognizable.

Finally, the record shows that the guilty plea was counseled and voluntary. During the plea colloquy, Brown testified that he understood the charges, that he understood the range of potential punishment, that he was not coerced into entering the plea, that Mr. Niehoff did not push him into entering the plea, that he was not under the influence of drugs or alcohol, and that he understood everything said by the court and counsel. Resp. Exh. 2 at 23-26. As a result, the record shows that the guilty plea was entered voluntary, and Brown is not entitled to habeas relief on this ground.

The Court also notes that the circumstances under which Brown decided to plead guilty also show that the decision to plead was voluntary. First, Brown had the benefit of having sat through the trial that ended in a hung jury. Id. at 22. Mr. Niehoff interviewed the members of the first jury after the trial ended and asked them why they believed Brown was guilty. Resp. Exh. 1 at 12. The jurors told Mr. Niehoff that

Brown's self-defense theory was implausible because it was known that Brown drove to where the victim was, got out of his car with an AK-47 assault rifle, assaulted a person with the butt of the rifle, and shot the victim. Id. The jurors believed that even if the victim had a gun, that he used it to defend himself from Brown. Mr. Niehoff and Brown discussed the jurors' opinion before Brown decided to plead guilty. Id. at 13-14. Second, Brown did not decide to plead guilty until the second jury was empaneled and he and Mr. Niehoff were able to see who its members were. Id. at 14. Mr. Niehoff testified that the jurors were older persons and that he and Brown both believed it would be safer to plead than to go to trial. Id.

## Conclusion

Brown has failed to show that the state courts' decisions in his criminal case and post-conviction proceedings were contrary to, or involved an unreasonable application of, clearly established federal law. Consequently, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Brown's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue.

The parties are advised that they have ten (10) days to file written objections to this Report and Recommendation.  Fail to timely file objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).


Dated this 5th day of July, 2007.

　　　　　　　　　　　　　　　/s/ Frederick R. Buckles
　　　　　　　　　　　　　　　FREDERICK R. BUCKLES
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE