UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY F. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:07CV250 HEA |
| | ) |
| DON ROPER, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Frederick R. Buckles, that Anthony F. Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Thus, a *de novo* review pursuant to 28 U.S.C.§ 636, will therefore be conducted, by the Court, of those portions of the Report and Recommendation to which petitioner objects .

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254

(AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13.  Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 409.

## Discussion

The Procedural History and Factual Background are set forth in the Report and Recommendation.  Petitioner does not object to the factual background set forth in Judge Buckles' Report and Recommendation, rather, he essentially objects to Judge Buckles' conclusions of law.  These objections, however, are without merit.

As Ground One of the Petition, Petitioner argues that his attorney was ineffective for failing to call Angela Randell at his trial, and for failing to investigate or interview Ms. Randell before advising him to plead guilty in lieu of a second trial.  A defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

In denying Petitioner's Rule 24.035 motion, the state court found that counsel was not ineffective for failing to call Ms. Randell as a witness during Petitioner's trial. Counsel advised the court that he decided not to call Ms. Randell at the first trial because of her previous statement to the police that she did not witness the shooting. Counsel was of the opinion that Ms. Randell would have damaged Petitioner's defense. The motion court determined that counsel's decision was reasonable trial strategy. The Missouri Court of Appeals upheld this finding.

Petitioner's self-serving statements regarding Ms. Randell being a credible witness in light of the fact that the victim was her brother, fail to overcome counsel's strategic decision, particularly considering that Ms. Randell is the mother of Petitioner's child. Petitioner has not satisfied his burden under the *Strickland* standard to establish ineffective assistance of counsel.

With respect to the advice to plead guilty, after a jury had been selected, Petitioner's argument that counsel failed to interview and investigate Ms. Randell's testimony fails for the same reasons as stated above. The Court finds that the Missouri Appellate Court's decision with regard to Petitioner's ineffective assistance of counsel claim was not contrary to, federal law, nor was it an unreasonable application of federal law. Counsel's decision not to call Ms. Randell was objectively reasonable trial strategy. Petitioner's objection is therefore overruled.

Petitioner also objects to Judge Buckles' conclusions regarding his guilty plea: Judge Buckles noted that because Petitioner did not appeal the denial by the motion court, Petitioner is procedurally barred from raising this claim in this Section 2254 petition. *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005). Further, because what may constitute a fair and just reason to withdraw a guilty plea is an issue of state law and is not justiciable in this habeas petition. *Hotan v. Black*, 838

F.2d 984, 986 n. 4 (8th Cir. 1988). Finally, Judge Buckles found that the record establishes that Petitioner's guilty plea was indeed voluntary.

Petitioner claims that he should be excused from the procedural bar because "this claim was abandoned by petitioner's post-conviction counsel. . ." Even assuming the truth of this allegation, Petitioner's claim fails. Petitioner claims that he did not understand the charges against him nor the amount of time he was to receive. The record clearly belies this argument. The sentencing court, in ascertaining whether to allow the withdrawal, questioned Petitioner as to his understanding. The court once again noted to Petitioner that there was no amount of time agreed to *vis a vis* a plea agreement or otherwise. Petitioner stated, in response to the court's questioning, that the court made no promises to Petitioner as to the amount of time which would constitute his sentence. During the plea, Petitioner acknowledged that he understood that he was giving up his right to a jury trial; that he understood the possible sentences he was facing; that his plea was voluntary; and that his attorney had not forced him to plead guilty. There is no doubt that Petitioner's plea was voluntary and he has presented no authority for a finding that the refusal of the state court to allow the withdrawal thereof was contrary to clearly established federal law.

Plea bargaining does not violate the Constitution, even though a guilty plea

waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel).

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and well- reasoned analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Buckles that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Anthony F. Brown for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 19th day of September, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE